UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4326

JOHN PATRICK LITEKY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-97-427)

Submitted: August 25, 1998

Decided: September 10, 1998

Before LUTTIG and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bravitt Cola Manley, Jr., Washington, D.C., for Appellant. Helen F.
Fahey, United States Attorney, William C. Henderson, Special Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Patrick Liteky was convicted by a jury of two counts of depredation of government property, 18 U.S.C.A. § 1361 (West Supp. 1998). He received a sentence of twelve months imprisonment. Liteky appeals his sentence, contending that the district court clearly erred by refusing to award him a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual§ 3E1.1 (1997). We affirm.

As part of an organized protest seeking to close the Army's School of the Americas at Fort Benning, Georgia, Liteky threw red dye on the walls of the Pentagon and in an entrance on September 29, 1997. A charge was brought against him but dismissed on the government's motion over his objection. On October 20, 1997, Liteky again threw red dye on the Pentagon. This time he was prosecuted. Liteky represented himself at trial and stipulated to all elements of the offense except that he acted willfully and knowingly. He used the trial to explain his opposition to the School of the Americas.

The district court decided that Liteky had not accepted responsibility because he had put the government to its burden of proof, although he did not deny throwing the dye. When imposing sentence, the court also noted that Liteky had indicated that he intended to engage in the same conduct again.

We review the district court's decision for clear error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). The adjustment for acceptance of responsibility is not intended for defendants who deny factual guilt and put the government to its burden of proof at trial. In rare cases, a defendant who goes to trial may demonstrate acceptance of responsibility for his criminal conduct, if he goes to trial "to assert and preserve issues that do not relate to factual guilt," such as the constitutionality of a statute or the applicability of a statute to the defendant's conduct. USSG § 3E1.1, comment. (n.2). Liteky argues that his is such a case. However, a determination that a defendant who has been convicted at trial has accepted responsibility is based mainly on pre-trial statements and conduct. Id. Liteky deliberately provoked his prosecution and insisted on a trial to drama-

2

tize his views on the School of the Americas. While he accepted the inevitability of a conviction, the issues he sought to raise by means of a trial were entirely unrelated to the statute under which he was charged or any legal question arising from his prosecution. Naturally enough, he expressed no remorse for his actions. In these circumstances, we cannot say that the district court clearly erred in finding that the adjustment should not apply. See United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992) (mere acceptance of fact of conviction is not acceptance of responsibility).

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3